Columbia County Fair Association, Appellant, vs. Shanks, Respondent.
Same, Appellant, vs. Webb, Respondent.

*February 7—March 8, 1927.*

*Agricultural associations: Basis of issuing stock: Assessment of members in accordance with stock held: Amendment of articles: Where recorded: Sale of stock upon failure to pay assessment: Sufficiency of notice.*

1. Under secs. 93.11 to 93.13, Stats., in order that shares of stock of a county agricultural society shall be subject to the power of assessment vested in such association there must be a proper valuation of its property, a division of such valuation into equal shares, and an issuing of stock based on such valuation.   p. 247.
2. Payment by some of the members of such an association of the value of the stock issued to them, or a donation of such value, is not a substantial compliance with secs. 93.11 to 93.13, Stats. p. 247.

3. Amendments making substantial changes in the original articles of the association must be properly recorded with the register of deeds, though sec. 93.11, Stats., does not expressly require the filing of such amendments. [Rule in *State ex rel. Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, followed.]  p. 248.
4. Posted notices of the proposed sale of stock of the members refusing to pay an assessment which failed to specify the hour of day of the proposed sale are defective and insufficient under sec. 93.13, Stats.  p. 248.
5. Sec. 93.13, Stats., is construed to require, in case of an assessment on stock of a county agricultural association, that the assessment be proportionately levied upon each share of stock as the unit rather than upon the individual member of the assocation as the unit.  p. 248.

APPEALS from judgments of the circuit court for Columbia county: E. T. FAIRCHILD, Judge.  *Affirmed.*

These two actions—a jury trial being waived—were tried together.  The two appeals were heard and are disposed of likewise.

May 31, 1904, there were filed with the register of deeds of said county plaintiff's articles of incorporation dated April 29, 1904.  These provided for its organization as a county fair with a capital stock of $5,000, with 500 shares of $10 each, each share being entitled to one vote at all the meetings of the stockholders; the annual meeting of the stockholders was fixed for the second Tuesday in January; the articles might be amended at an annual meeting of the stockholders by a vote of two thirds of the stock there represented.

In 1915 or 1916 an attempt was made to increase the capital stock to 1,500 shares of $10 each.  About the same time an attempt was made to assess each share of stock $13, and some notices to that effect appear to have been sent in June or July of 1916.  Nothing substantial appears to have been accomplished in the latter regard.  In 1918 an attempt was made to change the time for the annual meeting from

January to February and again in February, 1923, back to December.

In February, 1925, there then appeared to be about 700 names on the list of members, and steps were taken to levy an assessment of $14 upon each member, and notices to that effect sent to a number, including the two defendants.

An alleged sale was held September 29, 1925, at 1:30 p. m., of some 480 shares in one lot to a then officer of plaintiff acting on its behalf, for twenty-five cents a share, and with costs in connection therewith of fifteen cents per share. Thereafter actions were started against a number of persons to recover the balance due on such assessments after crediting the net amount of ten cents per share claimed to have been realized from such sale; judgments being demanded in the sum of $13.90 against these defendants respectively.

After trial one set of findings was filed in the two cases, the material parts being substantially as follows:

That no proofs were offered to show that the plaintiff had any property at the time of its organization or that such property, if any, was then valued and divided into shares; that 500 shares of stock were issued under such articles; that prior to 1918 an attempt was made to increase its capital stock, but no record of any such action appears and no proof made that any such attempted increase of stock was made by regular amendment to such articles at any annual meeting by a two-thirds vote of the stock represented; that no proper record was shown that any proposed amendment changing the date of the annual meeting by a two-thirds vote was made; that no amendments to the original articles were ever filed or recorded with the register of deeds; that some 229 shares of stock in excess of the original 500 shares were sold by the plaintiff.

That on February 9, 1925, at what was alleged to be an adjourned annual meeting, although no notice thereof was

published, and at a time when its cash assets were insufficient to pay its debts, which were then in excess of $6,000, resolutions were presented and apparently adopted providing for an assessment of $14 upon each member of the plaintiff, payable May 1st, and providing for an allowance of five per cent. for collection fee, and empowering the directors to bring action against the stockholders who refused to pay; that such assessment of $14 per share upon the stock then claimed to be outstanding was greatly in excess of the indebtedness; that notices of sale of the stock of all members who did not pay such assessment were posted for September 29, 1925, but no hour of sale was therein specified; that at 1 : 30 p. m. September 29th, 480 shares were offered and bid in as a lot at twenty-five cents each, by an officer of the plaintiff; that the assessment was made against the several members individually whose names appear on the list, although a number of such individuals each owned more than one share of stock.

As conclusions of law the court found:

That upon the above facts the attempted assessment and sale were each illegal and void; that for such reasons the several actions could not be maintained, and directed judgment of dismissal with costs.

From the judgments plaintiff appeals.

*H. B. Rogers* of Portage, for the appellant.

*H. E. Andrews* of Portage, for the respondents.

ESCHWEILER, J.    The plaintiff association was unable to produce on the trial many of the earlier records and files presumably kept by the then officers of the association, and but meager oral testimony could be produced as to the proceedings prior to March 28, 1918.    There is ample warrant for the several findings of fact by the trial court and above recited.

The plaintiff was organized under a special statute, sec 93.11 (sec. 1460), providing for the organization, officers,

and powers of county agricultural societies. It required the filing of the constitution adopted by such an organization in the office of the register of deeds, whereupon such society becomes a corporation with powers therein mentioned. No specific provision requires a similar filing of any amendments.

Sec. 93.12 (sec. 1461) provides that every such society shall have power to fix a valuation to the aggregate of its property and divide such valuation into equal shares and issue to its members certificates of stock specifying the number of shares of its property owned by the respective members to whom issued. No provisions are made for the issuing of any other kind of stock.

Sec. 93.13 (sec. 1461a) provides that every such society "which shall have fixed a valuation to the aggregate of its property, divided such valuation into shares and issued certificates to its members under the provisions of the preceding section may, whenever its cash funds are insufficient to pay its debts and obligations, make an assessment upon all its members sufficient to pay such debts and obligations in the manner herein provided." It further provides that this shall be done at an annual meeting by a recorded resolution determining and assessing the sum to be paid by all the members thereof and that every member shall be notified by letter; that for neglect or refusal to pay such assessment the stock of such member may be sold by the executive committee at public auction, after thirty days' notice of such sale, by posting notices thereof in three places in the county; that each member shall remain liable to the society for any deficiency resulting after such sale; the purchaser at such sale becoming entitled to all the rights of a member to the extent of the shares so bought.

There was, as appears from the record presented and as found by the trial court, a failure by the plaintiff to prove a compliance with several important statutory requisites for a valid claim against either of the defendants.

By the plain letter of the above statutes, in order that its shares of stock shall be subject to the power of assessment vested in such an association it is necessary that there shall have been a proper valuation of its property, a dividing of such valuation into equal shares, and an issuing of stock based upon such valuation. The complaint alleged such a proceeding, the answers denied and the court found that there had been no proof of such having been done.

That some members may have paid $10 per share for stock issued to them, or, as claimed by defendant *Shanks,* gave such sum as a donation, cannot be treated as a compliance with or a substitute for such express and particular provision as to the basis for such assessable stock. In the ordinary form of corporation, a stockholder having once paid to the corporation the par value of his stock is relieved from further obligation to the corporation as such on said stock or for any additional amount over such par value, except under special statutory provisions for certain classes of stock or of creditors. In this form of corporation it is evidently intended to attach the unusual and apparently unlimited assessment liability upon those only to whom shares of stock had been issued based upon a proper valuation of all its then existing property and a proportionate sharing in such entire valuation, rather than, as in ordinary cases, the issuing of stock upon the payment of its fixed par value. The plaintiff, therefore, failed to show as to either of these defendants that any so-called stock such defendants may have held was assessable stock.

The determination on this point alone would be sufficient to uphold the judgment. Other questions were presented, however, which, in view of the other cases now pending and also involving the affairs of the plaintiff, make it proper to now dispose of some such.

It is conceded that none of the alleged amendments increasing the capital stock or changing the time of the annual meeting were recorded in the office of the register of deeds. The

manifest reasons for the making of a public record of the original articles so that the public as well as stockholders may know of its character are equally cogent in requiring publicity for any substantial changes in its character effected by amendments of the kind here presented. The mere silence of the statute as to any necessity for filing amendments and the expression of such necessity as to the original articles is not sufficient of itself to prevent, by construction, the conclusion we here reach, viz.: that any amendments making substantial changes in such county fair association must also be properly recorded with the register of deeds. A similar result was reached by this court with reference to the statute as to railroad corporations requiring original articles to be filed with the secretary of state, but being silent as to amendments, in *State ex rel. M., St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, 92, 117 N. W. 846, and we consider such ruling applicable and binding here.

The posted notices for the proposed sale of the stock on September 29th specified no hour of such day for the proposed sale. This was clearly a defective and insufficient notice for that reason.

The attempted assessment of $14 was made against each member irrespective of the number of shares he might have held. Such an assessment, therefore, if otherwise properly made, would have required the holder of two shares of the stock to pay no more than the holder of one share. Respondents contend that such method of assessment as so adopted by the attempted action is the only one permitted by the language of the statutes above quoted on the subject of the power to assess, and further, that when so construed it would be invalid because plainly a violation of constitutional guaranties as to uniformity and equality before the law.

We hold, however, that the statute in question should be construed to mean that an assessment, when properly levied,

should be proportionately upon each share of stock as the unit rather than upon the individual member of the association as the unit, and that as so construed it is not subject to any valid objection.

*By the Court.*—Judgments affirmed.